J^FOIL, J.
This appeal challenges a trial judge’s liability and quantum determinations in a slip and fall case. We affirm.
Plaintiff, Rosanna Wilson, filed this tort suit against Piccadilly Cafeterias, Inc., claiming that she was injured when she slipped and fell on a dark greasy substance located on the concrete walkway directly outside the doorway at the Piccadilly Cafeteria in Baton Rouge, Louisiana. The trial judge found Piccadilly liable and awarded plaintiff $7,500.00 in general damages and $850.75 for medical expenses. Piccadilly appealed the liability ruling and general damage award.
On the liability issue, Piccadilly contends that plaintiff failed to prove that *803 Piccadilly had constructive notice of the foreign substance. In finding Piccadilly liable, the trial judge obviously accepted plaintiffs testimony that two Piccadilly employees were standing outside the doorway, near the area where she fell, and concluded that the employees should have seen the foreign substance before plaintiff fell. This factual determination, governed by the manifest error standard of review, cannot be overturned by this court unless we find from the record that there is no reasonable basis for the finding and the finding is clearly wrong or manifestly erroneous. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). After reviewing the record, we conclude that the trial judge’s ruling on the constructive notice issue is reasonably supported therein, and may not be disturbed on appeal.
Next, we address Piccadilly’s claim that the $7,500.00 general damage award is abusively high. In Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), the court made it clear that the discretion vested in the trier of fact to assess general damages is “vast,” so that an appellate court should rarely disturb an award of general damages. It is only when the award is beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the award should be decreased on appeal. Id.
| aThe record reflects that plaintiff suffered a whiplash-type injury from the fall. She received ten weeks of regular chiropractic treatment, and sporadic conservative treatment thereafter. Plaintiff testified that she experienced severe pain in her neck for several months, which kept her awake at night. Considering the record in its entirety, we find no abuse of the trial court’s vast discretion in setting the general damage award, and we affirm the award.
Lastly, Piccadilly challenges the trial judge’s allocation of 20% fault to plaintiff, contending that plaintiff should be assessed with a higher percentage of fault. However, after reviewing the record, we find no manifest error in the judge’s fault allocation.
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, Piccadilly Cafeterias, Inc.
affirmed'
FITZSIMMONS, Judge, concurs and assigns additional reasons.